OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

April 3, 2001

Mr. Don W. Brown
Commissioner of Higher Education
Texas Higher Education Coordinating Board
P.O. Box 12788
Austin, Texas 78711

Opinion No. JC-0360

Re: Whether a community college district may voluntarily reduce its adopted tax rate in the same tax year (RQ-0300-JC)

Dear Commissioner Brown:

You ask whether a community college district may voluntarily reduce its tax rate in the same tax year after adopting the tax rate under section 26.05 of the Tax Code and mailing bills to taxpayers.[1] We conclude that the Tax Code does not expressly authorize a community college district to do so and that the authority may not be implied.

You inform us that the El Paso Community College District ("District") adopted its tax rate on August 30, 2000, under section 26.05 of the Tax Code. *See* Request Letter, note 1, at 4. Because the tax rate exceeded the rollback rate, the District complied with the notice and hearing requirements of sections 26.05 and 26.06 of the Tax Code. *See id.* The District has contracted with the City/County of El Paso Consolidated Tax Office for the assessment and collection of its taxes. *See id.* The District notified that office of the adopted tax rate, and that office calculated and sent bills to taxpayers. *See id.* The District would like to know whether it is now authorized to voluntarily reduce its tax rate. *See id.* at 1. We conclude that a district is not so authorized.

To provide a context for your question, we briefly review sections 26.05 and 31.01 of the Tax Code. The Tax Code requires a taxing unit to set an annual tax rate. *See* TEX. TAX CODE ANN. § 26.05(b) (Vernon Supp. 2001) (stating that a taxing unit may not impose property taxes until the governing body has adopted a tax rate for that year, and the annual tax rate must be set by ordinance, resolution, or order). Subsection 26.05(d) provides that a taxing unit "other than a school district[2] may not adopt a tax rate that exceeds the lower of the rollback tax rate or 103 percent of the effective

---

[1]*See* Letter from Mr. Don W. Brown, Commissioner of Higher Education, Texas Higher Education Coordinating Board, to Honorable John Cornyn, Texas Attorney General, at 1 (Oct. 26, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[2]A community college district is not a school district for purposes of the Tax Code. *See* TEX. TAX CODE ANN. § 1.04(12) (Vernon Supp. 2001) (defining "taxing unit" to include a school district and special authority, the latter of which includes a junior college district).

tax rate[3] . . . until the governing body" of the taxing unit has conducted a public hearing on the proposed rate and complied with sections 26.06 and 26.065. *Id.* § 26.05(d) (footnotes added); *see also id.* § 26.06 (explaining the notice, hearing, and voting procedures on a tax rate increase); *id.* § 26.065 (mandating notice of a hearing on a tax rate increase). Subsection 26.05(a) directs the governing body of a taxing unit to adopt its tax rate for the current year and notify the tax assessor/collector for the unit of the adopted rate before September 30th or the 60th day after receipt of the certified appraisal roll. *See id.* § 26.05(a). Under section 31.01 of the Tax Code, the tax assessor must prepare and mail tax bills to property owners by October 1 or as soon as practicable. *See id.* § 31.01(a).

A taxing unit other than a home-rule city has "only those powers that the constitution or statutes expressly confer or those necessarily implied from the express powers." Tex. Att'y Gen. Op. No. JC-0290 (2000) at 2. The Tax Code expressly authorizes a taxing unit to reduce a tax rate that exceeds the rollback rate by only one method. Section 26.07 of the Tax Code authorizes a taxing unit to amend its tax rate through an election initiated by a valid voter petition. *See* Tex. Tax Code Ann. § 26.07 (Vernon Supp. 2001). The petition must be submitted on or before the 90th day after the governing body has adopted the tax rate, signed by at least ten percent of the qualified voters of the taxing unit, and state that its purpose is to require an election on the issue of reducing the current tax rate. *See id.* § 26.07(b). If a majority of the voters approves reduction of the tax rate at an election called for that purpose, the tax rate is reduced to the rollback rate. *See id.* § 26.07(e). Significantly, the statute directs the tax assessor and taxing unit about the procedures to be followed if the tax rate is reduced after tax bills have been mailed or taxes paid. *See id.* § 26.07(f), (g).[4]

No other provision in the Tax Code expressly authorizes a taxing unit to reduce its adopted tax rate, voluntarily or otherwise. Moreover, we do not believe that such authority may be implied. While it may be reasonable as a matter of policy for a taxing unit to consider reducing its tax rate voluntarily, there is no statutory framework for "unwinding" the complex and detailed tax assessment and collection procedures. By comparison, subsection (f) of section 26.07 directs the tax-assessor to prepare and mail corrected bills if the tax rate is reduced pursuant to an election. *See id.* § 26.07(f). It also provides an extension of the delinquency date for the corrected tax liability. *See id.* Similarly, subsection (g) authorizes and provides a method for refunding taxes paid at the higher tax rate. *See id.* § 26.07(g). Were this office to infer the authority to voluntarily reduce an adopted tax rate, it would also have to determine a framework for mailing corrected tax bills, adjusting delinquency dates, and refunding taxes paid at the higher rate, among other things. That

---

[3]The rollback tax rate is defined as "a rate expressed in dollars per $100 of taxable value calculated according to the following formula: Rollback Tax Rate = (Effective Maintenance And Operations Rate x 1.08) + Current Debt Rate." Tex. Tax Code Ann. § 26.04(c)(2) (Vernon Supp. 2001); *see also id.* § 26.04(c)(1) (calculating the effective tax rate as the following: "(Last Year's Levy - Lost Property Levy) /(Current Total Value - New Property Value)").

[4]We understand that a petition was filed to roll back the taxes at issue, but it was one day late and lacked the requisite signatures. Telephone Interview with Jan Greenberg, General Counsel, Texas Higher Education Coordinating Board (Dec. 18, 2000).

is not the province of this office but rather of the legislature. Thus, we conclude that absent express statutory authority, a community college district may not voluntarily reduce its adopted tax rate.

Because we determine that a taxing unit lacks statutory authority to voluntarily reduce its adopted tax rate, we do not address the constitutional implications of such action. *See* Request Letter, *supra* note 1, at 5-7 (citing Tex. Att'y Gen. Op. No. JM-893 (1988) (concluding that the statutory recreational boat tax exemption applied only to those taxing units that had not certified their tax rolls as of the effective date of the statute consistent with article III, sections 51 and 55 of the Texas Constitution)); Tex. Att'y Gen. LO-88-116, at 1 (concluding that Tex. Att'y Gen. Op. JM-893 would not prevent a city from changing the amount of exemption).

## S U M M A R Y

After adopting a tax rate higher than the rollback rate under section 26.05 of the Tax Code, a community college district may not voluntarily reduce its adopted tax rate in the same tax year. There is no express statutory authority for it to do so, and such authority may not be implied. The only method by which the Tax Code authorizes a community college district to reduce a tax rate that exceeds the rollback rate is an election timely initiated by a valid voter petition.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Polly McCann Pruneda
Assistant Attorney General - Opinion Committee